IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHERRY LEE FOUX,

    Plaintiff,

v.

ANDREW SAUL[1],

    Defendant.

3:17-CV-1476
(JUDGE MARIANI)

## MEMORANDUM OPINION

On August 17, 2017, Plaintiff Sherry Foux filed a Complaint seeking judicial review of a final decision made by Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying her application for Social Security Disability benefits. (Doc. 1). This matter was referred to Magistrate Judge Gerald B. Cohn to prepare a Report and Recommendation ("R&R"). On May 6, 2019, Magistrate Judge Cohn issued an R&R (Doc. 20) recommending that this Court reverse and remand the Commissioner's decision in this case. Defendant, the Commissioner of Social Security, filed Objections to the Magistrate Judge's Report and Recommendation ("Objections") (Doc. 21) on May 20, 2019. Plaintiff did not file a response to Defendant's Objections. For the reasons discussed below, the Court will sustain Defendant's Objections and remand this matter to Magistrate Judge Cohn for further consideration.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Commissioner Andrew Saul is automatically substituted as the named Defendant in place of the former Commissioner of Social Security.

Defendant's Objections state that "[t]he R&R is premised on an erroneous statement of the law. The controlling regulations and binding Third Circuit precedent do not require that the ALJ rely on a medical opinion to assess a claimant's RFC." (Doc. 21 at 2).

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3. Because Defendant's identified objection is both timely and specific, the Court will conduct the required *de novo* review of Magistrate Judge Cohn's R&R findings.

When reviewing the Commissioner's final decision denying a claimant's application for Disability Insurance Benefits, a District Court is limited to a deferential review of whether there is substantial evidence to support the findings of the Commissioner. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co.*

*of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Factual findings which are supported by substantial evidence must be upheld. *Ficca v. Astrue*, 901 F. Supp. 2d, 533, 536 (M.D. Pa. 2012) (citing 42 U.S.C. § 405(g); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)).

In support of his Objections, Defendant asserts that (1) "the Social Security Administration's regulations make the RFC assessment the exclusive province of the ALJ, based on the full record, and not the opinions of treating or other medical providers", and (2) "an ALJ is not required to seek a separate expert medical opinion to carry out his duty to assess a claimant's RFC." (Doc. 21 at 2, 5). The focus of Defendant's objection is essentially that the R&R is premised on an erroneous application of *Doak v. Heckler*, 790 F.2d 26 (3d Cir. 1986).

In *Doak*, the Third Circuit found that because "[n]o physician suggested that the activity Doak could perform was consistent with the definition of light work set forth in the regulations . . . the ALJ's conclusion that he could is not supported by substantial evidence." *Doak,* 790 F.2d at 29. In interpreting *Doak*, courts have found that the Third Circuit "held simply that nothing in the record supported the finding by the ALJ that the plaintiff could perform light work." *Rodriguez v. Colvin,* No. 14-165, 2015 WL 3466128, at *1 (W.D. Pa June 1, 2015). Courts have further clarified since *Doak* that it is not necessary for the ALJ to base every independent RFC finding on a particular medical opinion from a physician. *See Cummings v. Colvin*, 129 F. Supp. 3d 209, 214–15 (W.D. Pa. 2015) ("[plaintiff's] reliance on *Doak* and the other cases cited in his brief for the proposition that an ALJ must

3

always base his RFC on a medical opinion from a physician is misguided"); *see also Rodriguez,* 2015 WL 3466128 at *1 ("As this Court previously explained in *Doty v. Colvin,* 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), and again in *Callahan v. Colvin,* 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014), the *Doak* decision does not hold that an ALJ's RFC findings must be based on a particular medical opinion or that an ALJ may only reject a medical opinion as to functional limitations based on another opinion.").

Ultimately, under the current regulations, "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Further, in *Titterington v. Barnhart,* 174 F. App'x 6, 11 (3d Cir. 2006), a panel of the Third Circuit concluded "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."

Given this legal framework, Defendant is correct that the RFC assessment is the exclusive province of the ALJ and not the province of treating physicians or other medical providers. *See e.g., Chandler,* 667 F.3d at 361. Defendant is also correct that an ALJ is not required to seek a separate expert medical opinion to carry out his duty to assess a claimant's RFC.[2] *Titterington,* 174 F. App'x at 11.

---

[2] As Plaintiff did not file any response to Defendant's Objections, Plaintiff has expressed no disagreement to Defendant's summary of the relevant law.

Here, the ALJ found that Plaintiff had the following residual functional capacity ("RFC"):

> the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she must avoid unprotected heights and industrial machinery. The claimant should never climb ladders, ropes or scaffolds but could occasionally climb ramps and stairs. She could have occasional exposure to extreme cold temperatures, wetness, vibration and environmental irritants (such as dust, fumes, odors and gases). The claimant is capable of occasional use of the bilateral upper extremities for overhead activity including reaching and lifting; and occasional use of the left hand for gross manipulation. The claimant must be afforded a sit/stand option [sic] the ability to alternate between sitting and standing every 30 minutes.

(Doc. 10-2 at 20–21)

In the R&R, after citing *Doak*, 790 F.2d at 29, for the proposition that "[r]arely can a decision be made regarding a claimant's RFC without an assessment from a physician regarding the functional abilities of the claimant", the Magistrate Judge provided the following analysis of the ALJ's RFC findings:

> The ALJ found Plaintiff had the severe impairments of "status-post anterior cervical discectomy and fusion, [C5-C6]; status-post left carpal tunnel release; chronic obstructive pulmonary disease; rheumatoid arthritis; Crohn's disease; status left ulnar decompression; and fibromyalgia." (Tr. 19). Despite finding all of these severe impairments, the ALJ did not request an updated State Agency opinion to evaluate Plaintiff's limitations, despite Plaintiff undergoing neck surgery. Moreover, Plaintiff's treating physician offered an opinion finding Plaintiff unable to perform full-time work prior to her neck surgery. Notwithstanding this opinion, the ALJ relied on the consultative examiner opinion issued two years prior to Plaintiff's neck surgery in order to deny her disability claim. Without any medical opinion being credited with regards to all of Plaintiff's limitations, the ALJ impermissibly relied on speculation or lay interpretation of medical evidence to reach the conclusion regarding Plaintiff's RFC. *See Morales v. Apfel*, 225 F.3d 310, 317-18 (3d Cir. 2000); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985) (The ALJ may not substitute his own

> judgment for that of a physician). Therefore, substantial evidence does not support the ALJ's RFC finding when the ALJ relied on a medical opinion issued for a prior disability claim and two years before Plaintiff's neck surgery when deciding Plaintiff's limitations stemming from her severe impairments.
>
> Accordingly, the ALJ's decision lacks substantial evidence a reasonable mind might accept as adequate to support the conclusion.

(Doc. 20 at 5–6).

Based on the foregoing analysis, the Magistrate Judge recommended that this Court grant Plaintiff's appeal and reverse and remand the Commissioner's decision. (*Id*. at 7).

Given the relevant legal framework, a review of the Magistrate Judge's analysis reveals that the Magistrate Judge erred in finding that the ALJ was required to specifically "request an updated State Agency opinion to evaluate Plaintiff's limitations" to support a conclusion regarding Plaintiff's disability status. (Doc. 20 at 6). This demand runs afoul of *Titterington*'s clear directive that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington*, 174 F. App'x at 11. Thus, so far as the Magistrate Judge relied on the ALJ's failure to request an updated state agency opinion as a basis for remand, the Magistrate Judge erred. *See Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert); *see also Cummings*, 129 F. Supp. 3d at 214–15 ("the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided").

For the same reasons, the Magistrate Judge erred by stating that the ALJ should have had a "medical opinion . . . credited with regards to all of Plaintiff's limitations" to support his conclusion. (Doc. 20 at 6). This finding is inconsistent with *Titterington*'s conclusion that a physician need not have made the particular conclusions that the ALJ finds in the course of determining a claimant's RFC, and *Chandler*'s conclusion that each fact incorporated into the RFC need not have been found by a medical expert. *Titterington*, 174 F. App'x at 11; *Chandler*, 667 F.3d at 362.

Accordingly, the Court will sustain Defendant's Objections (Doc. 21). The Court will not adopt the R&R, but will remand the case to Magistrate Judge Cohn for the purpose of considering the claims of error raised by Plaintiff's appeal which were not addressed in the first instance.[3] A separate Order follows.

Robert D. Mariani
United States District Judge

---

[3] The Court concludes that further consideration by the Magistrate Judge is appropriate as he found that remand to the Commissioner was required on the narrow grounds identified in the text and Plaintiff's bases for appeal are more extensive than those analyzed in the R&R. The Court calls to the Magistrate Judge's attention Plaintiff's statement of errors set forth in Plaintiff's Federal Appeals Brief (Doc. 17 at 2–3).